IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM NEWKIRK,

    Plaintiff,

vs.                                Case No. 4:12cv559-RH/CAS

THE FLORIDA PAROLE COMMISSION,
and SEAN P. MURPHY,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 7. The complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff alleged that Defendant Murphy, an examiner with the Florida Parole Commission, interviewed Plaintiff for a subsequent parole review on March 21, 2009. Doc. 7. After interviewing Plaintiff and conducting research, Murphy would make a written recommendation to the Parole Commission concerning Plaintiff's presumptive parole release date (PPRD) and recommendation for parole. *Id.* Plaintiff contends that he provided Murphy with records demonstrating that Plaintiff was not the person who shot and killed the victim, and Plaintiff states that he expressed remorse that the victim

was murdered by Plaintiff's co-defendant in his criminal case, Roland Sprint. *Id.* Plaintiff further expressed remorse for the victim's family and other people Plaintiff had "wronged, and violated their personal rights." *Id.*

Plaintiff alleged that in Murphy's parole interview memorandum, dated April 1, 2009, Murphy stated that "Plaintiff did not want to accept responsibility for the killing of the victim and that the record reflects Plaintiff was the shooter." *Id.* Plaintiff contends "on information and belief" that Murphy had no court record or inmate files on which to base any historical fact finding concerning the murder or "Plaintiff's motivation." *Id.* Plaintiff believes that Murphy conducted "a subsequent parole interview with Plaintiff's co-defendant Roland Sprint on March 21, 2009." *Id.* In that interview, Sprint "placed responsibility for the murder on Plaintiff." *Id.*

Plaintiff contests the use of his co-defendant's statements and claims they are not competent or persuasive evidence and is not from a "reliable" source such that Murphy could lawfully include it in his memorandum. *Id.* Plaintiff further claims Murphy "was not legally authorized to use a post-sentencing investigation record in Plaintiff's institutional inmate file to give a speculative finding of the details of the case and offense." *Id.* Plaintiff contends Murphy "knowingly and intentionally provided the Florida Parole Commission with false and misleading new information" which had not been used previously during Plaintiff's initial parole interview in 2004. *Id.* Plaintiff contends the scope of his subsequent parole review "is limited to a determination of whether new information has been gathered since the initial parole interview which might effect the PPRD within the institutional inmate file." *Id.* Plaintiff also argues that a minor disciplinary infraction in 2005 did not warrant extending Plaintiff's PPRD. *Id.*

Plaintiff contends that the Commission's action of affirming Murphy's parole recommendation is unconstitutional because it is false and misleading, not supported by court records or Plaintiff's institutional inmate file, and relies on unauthorized new information. *Id.* Plaintiff also challenges the Commission's reasons for determining Plaintiff's next parole hearing should be five years in the future instead of two years and in setting his PPRD. *Id.*

Plaintiff's amended complaint is premised upon a violation of Plaintiff's due process rights. Florida's parole system leaves the decision of whether or not to grant parole "to the discretion of the [Parole] Commission . . . ." Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986), *citing* Moore v. Florida Parole & Probation Comm'n, 289 So. 2d 719 (Fla. 1974). "There is no constitutional right to parole in Florida." Jonas, 779 F.2d at 1577, *citing* Hunter v. Florida Parole & Probation Comm'n, 674 So. 2d 847, 848 (11th Cir. 1982).[1] Thus, because there is no liberty interested in parole, there is generally actionable no due process claim. *See* Hunter, 674 F.2d at 848.

However, an exception to that general principle is that, even though there is no right to parole and Florida's parole statute is framed in discretionary terms, that discretion is not unlimited. FLA. STAT. § 947.002(5); Monroe v. Thigpen, 932 F.2d 1437 (11th Cir. 1991), *citing* Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982) (stressing that "absent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts."). A parole

---

[1] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right." FLA. STAT. § 947.002(5).

board may not engage in "flagrant or unauthorized action." <u>Thomas</u>, 691 F.2d at 489, and parole officials may not knowingly rely on false information in determining whether to grant parole. <u>Monroe</u>, 932 F.2d at 1442 (holding that a state parole board's admitted use of false information was arbitrary and capricious and, thus, violated the Due Process Clause).

In this case, Plaintiff's allegations reveal that Defendant Murphy conducted Plaintiff's parole interview and sought out information relevant to Plaintiff's crime, behavior in prison, and attitude concerning the crime and any victims. Such information is relevant to the decision of whether parole should be authorized, whether the inmate is likely to re-offend, and the safety of the community. All such information is reasonable and permissible under the parole statutes. FLA. STAT. § 947.16, *et seq.* Pursuant to § 947.174(1)(c), subsequent parole interviews are "limited to determining whether or not information has been gathered which might affect the presumptive parole release date." Information concerning an inmate's acceptance of responsibility is relevant to setting and adjusting a presumptive parole release date.

Although Plaintiff seeks to base his due process claim on his argument that evidence from unreliable sources was used because Murphy interviewed Plaintiff's co-defendant in the crime, Plaintiff's claim must fail because that is not a flagrant or unauthorized action by the Parole Commission or Defendant Murphy. Plaintiff's allegations make clear that Murphy was presented with conflicting statements by the two co-defendants. Accepting Plaintiff's allegations as true, Murphy accepted the co-defendant's statements as true and doing so does not mean that Murphy based his recommendation on false information or an unreliable source. An inmate has no

due-process right to an error-free determination of parole eligibility. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). Prisoners do not state a due process claim by simply asserting that erroneous information might have been used during their parole consideration. Slocum v. Georgia State Bd. of Pardons & Paroles, 678 F.2d 940 (11th Cir. 1982). "[P]risoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim." Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001). "Without evidence of the Board's reliance on false information, a prisoner cannot succeed. Jones, 279 F.3d at 946. Because Plaintiff's due process challenge does not demonstrate that either Defendant knowingly and intentionally used false information in considering him for parole, this case must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 20, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**